Certiorari to review a judgment of the Court of Claims on a claim for lands taken by the United States.
Judgment was rendered in favor of the United States in the Court of Claims. Upon certiorari the judgment was affirmed, December 9, 1935, the Supreme Court deciding:
1. The Act of May 26, 1920, conferring jurisdiction on the Court of Claims to adjudicate ah claims of the Klamath, etc., Tribes of Indians against the United States, should not be construed as embracing a claim which they settled with the Government long before and of which they gave a valid release, even though the consideration for the release was grossly inadequate.
2. The failure of the Indians, between the settlement in 1909, and this suit; in 1925, to seek further payment, and their omission to mention the demand — a very large one — when seeking the passage of the jurisdictional Act, though they specified others, makes strongly against the contention that the Act was intended to cover this claim.
3. An Act granting a special privilege is to be strictly construed and may not by implication be extended to cases not plainly within its terms.
4. It is significant that earlier Acts, which were intended to waive settlements, employed terms quite different from those of the Act above mentioned.
5. To bring their claim within the jurisdictional Act, the claimants were under the burden of proving in the Oourt of Claims that the release was invalid, and of showing in this Court that, as a matter of law, the facts found compel that conclusion.
6. Congress has untrammeled power to fix as it deems appropriate and just under the circumstances, the compensation that shall be paid an Indian tribe for the taking of part of its reservation.
7. An Act appropriating a sum to the credit of Indians declared that it was not to be effective until the Indians “through the usual channels” had executed a release of any claims against the United States for certain land of their reservation of which the Government had disposed. A release was given and accepted, which served to make the appropriation effective. SelA that, in the absence of findings of fact requiring a conclusion to the contrary, it is to be presumed that all things necessary to make the release valid were done regularly as required by the Act.
*700 8. Duress in procuring the release will not be inferred from incomplete, doubtful, or ambiguous findings.
9. A release of a claim given by Indian Tribes in accordance with an Act of Congress appropriating the money received by them in settlement can not be avoided by the courts upon the ground that the amount paid was grossly inadequate. The obligation of the United States to make good their loss is a moral one calling for action by Congress.
Mr. Justice Butler delivered the opinion of the court.